# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Preston Carroll, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 756 C.D. 2020 |
| | : | SUBMITTED: January 22, 2021 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                              **FILED: March 30, 2021**

Petitioner, Preston Carroll, petitions for review of an order of the Pennsylvania Parole Board (Board), which denied his request for administrative review of his parole violation maximum sentence date. In addition, Petitioner's counsel, Dana E. Greenspan, Esquire, petitions for leave to withdraw her appearance, asserting that Petitioner's appeal is without merit. After review, we grant counsel's application and affirm the Board's order.

After his July 2014 parole from an April 2011 five- to ten-year concurrent sentence for a probation violation and drug offenses, Petitioner was arrested on August 1, 2017, and charged with firearm offenses and resisting arrest. (Certified Record "C.R." at 6, 14.) On August 2, the Board lodged a detainer and bail was set on Petitioner's new charges, which he did not post, and he thereafter remained in custody on both the new charges and the Board's detainer. (*Id.* at 13-14, 44.) On February 26, 2019, Petitioner pled guilty to possession of a firearm

prohibited and resisting arrest, and was sentenced to 21 to 42 months of imprisonment and 2 years of probation. (*Id.* at 23.) As a result of his new conviction, the Board recommitted Petitioner to a state correctional institution as a convicted parole violator and recalculated his parole violation maximum date as April 25, 2024.[1] (*Id.* at 58-61.)

Petitioner filed a request for administrative relief, contending that the Board erred in failing to award credit for: (1) his presentence confinement from August 2, 2017, until March 1, 2019; (2) his time at liberty on parole; and (3) other periods occurring before his April 2011 sentence. (*Id.* at 62.) The Board denied Petitioner's administrative appeal, first noting that sentence credit for periods prior to Petitioner's release on parole is controlled by the Department of Corrections (Department), not the Board. (*Id.* at 66.) The Board also explained that its recommitment of Petitioner as a convicted parole violator authorized it to deny Petitioner credit for time at liberty on parole and recalculate Petitioner's maximum sentence date. (*Id.*) Finally, the Board noted that Petitioner's presentence confinement was not solely on the Board's detainer and, thus, was credited to his new sentence, not his backtime. (*Id.*) The present appeal followed.

As an initial matter, before this Court can consider the merits of Petitioner's petition for review, we must first address counsel's application for leave to withdraw her appearance and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be

---

[1] The Board's recommitment order is ambiguous as to the length of Petitioner's recommitment term, with the Board first stating that it recommitted Petitioner "to serve 21 months['] backtime," but then stating that he would serve "24 months" of backtime based on his new convictions. (C.R. at 60.) In his request for administrative review, Petitioner challenged only the Board's denial of credit against his sentence for certain periods of time and did not raise the issue of the length of the recommitment term itself. (*Id*. at 62.) Thus, we do not address the ambiguity further.

granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify [the] parolee of [the] request to withdraw; (2) he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter and the standard is whether the claims on appeal are without merit.[2] *Seilhamer*, 996 A.2d at 42 n.4.

Upon review of counsel's petition and accompanying no-merit letter, it is clear that she satisfied both the procedural and substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, counsel: (1) notified Petitioner of her request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of counsel's application to withdraw and no-merit

---

[2] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit.

letter in support of that application; and (3) advised Petitioner of the right to retain new counsel, to proceed *pro se*, and to raise any additional issues that Petitioner deems worthy of review by this Court. Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issues that Petitioner sought to raise in his petition for review; and (3) an explanation as to why counsel believed that each issue was without merit. Counsel specifically addressed Petitioner's arguments concerning his presentence confinement and time spent at liberty on parole and concluded that both are meritless. In addition, counsel explained that the Board lacks authority to grant credit for Petitioner's pre-parole incarceration on his original sentence. Accordingly, we grant counsel's application for leave to withdraw as counsel and turn to the merits of the petition for review.

Petitioner first contends that the Board should have awarded credit against his original sentence for the period of his presentence confinement, from August 2, 2017, until March 1, 2019, pursuant to the Pennsylvania Supreme Court's decision in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003). He alleges that he was detained solely on the Board's warrant during that time.

In general, presentence periods of incarceration shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for a new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Where bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must be applied to the new sentence. *Id.* In *Martin*, the Supreme Court created an exception to the general rule by which a parolee may be entitled to credit on an original sentence for time spent in custody. The exception

4

comes into play where a parolee is incarcerated both on new criminal charges and on a Board detainer before trial and, thereafter, is sentenced on the new charges to less time than he spent in presentence detention. Under these circumstances, the time spent in confinement that is in excess of the sentence for the new criminal charges should be credited toward the original sentence. *Martin*, 840 A.2d at 309.

The *Martin* exception does not apply in the present case because the period of presentence confinement was less than the new sentence. Petitioner was incarcerated on both the Board's detainer and his new criminal charges from August 2, 2017, until March 1, 2019, because he did not post bail on the new charges. (C.R. at 14, 28, 44.) When a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Moreover, Petitioner's guilty plea reflected that this period of presentence confinement would apply to his new sentence. (C.R. at 23.)

Additionally, the time from Petitioner's sentencing to March 1, 2019, when he was returned to a state correctional institution, (*id.* at 25, 42), is properly credited to his new sentence. "[C]redit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) [quoting *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995)]. "Parole revocation occurs once a hearing examiner and Board member . . . sign a hearing report recommitting a prisoner as a [convicted parole violator]," *id.*, which here occurred on April 26, 2019. (C.R. at 41.) Although Petitioner challenges only the allocation of the first three days of this period, *i.e.*, February 27, 2019, to March 1, 2019, the entire period, from his sentencing date to

his recommitment date, is properly credited to his new sentence. *Barnes*, 203 A.3d at 392. We find no error in the Board's decision to apply the period of confinement from August 2, 2017, to March 1, 2019, to the new sentence in accordance with *Gaito* and *Barnes*.

Second, Petitioner argues that the Board abused its discretion by denying him credit for his time spent at liberty on parole. The Board has discretion to award a convicted parole violator credit for the time spent at liberty on parole, except where he or she is recommitted for the reasons stated in Section 6138(a)(2.1)(i) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1)(i), which does not apply here. Further, the Board must articulate the basis for its decision to grant or deny credit for that time. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). Here, the Board justified its decision to recommit Petitioner without credit for the time he spent at liberty on parole by explaining that Petitioner's new conviction involved possession of a weapon. (C.R. at 61.) We have held that this exact reason is sufficient, under *Pittman*, to support the Board's decision to deny credit. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018) [(citing *Hayward v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5)]. Accordingly, the Board did not abuse its discretion when it denied Petitioner credit for his time spent at liberty on parole.

Finally, we address an issue Petitioner raised before the Board but did not expressly discuss in his petition for review. He asserted that the Board erred in failing to award credit against his backtime for periods prior to imposition of his original sentence in April 2011. (C.R. at 62.) This argument is without merit. "The Department, not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Dep't of*

6

*Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987). Petitioner should have timely addressed this dispute to the Department or to this Court in our original jurisdiction, not to the Board after his recommitment. *See Lee v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1478 C.D. 2019, filed Feb. 3, 2021), slip op. at 9 ("[T]he Court cannot simply transfer this matter to its original jurisdiction against an unnamed party, here, [the Department].").[3]

For the foregoing reasons, we agree that Petitioner's appeal is without merit. Accordingly, we grant Attorney Greenspan's application to withdraw as counsel and affirm the Board's order denying Petitioner's request for administrative review.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported decisions are not binding precedent but may be cited for persuasive value. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Preston Carroll,                :
          Petitioner      :
                          :
       v.                :   No. 756 C.D. 2020
                          :
Pennsylvania Parole Board,   :
          Respondent   :

# **O R D E R**

AND NOW, this 30th day of March, 2021, Dana E. Greenspan, Esquire's application for leave to withdraw her appearance is hereby GRANTED, and the order of the Pennsylvania Parole Board is AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita