Kyle A. WILLIAMS, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.
Decided Jan. 27, 1995.

**236** ■

Kyle Williams, pro se.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before COLINS, President Judge, and NEWMAN, J., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Kyle Williams (Williams) appeals from a determination of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from its previous order recommitting him as a convicted parole violator to serve an unexpired term of two years and two days, with a maximum term expiration date of March 12, 1996. We affirm.

On April 19, 1991, the Board paroled Williams from a sentence of one and one-half to four years at a state correctional institution. The Board had calculated a maximum term expiration of October 18, 1993 for this sentence. On May 20, 1993, the Harrisburg police arrested Williams for burglary and possession of an instrument of crime based on an incident that occurred on May 19, 1993. Williams pled guilty to both charges on October 13, 1993, and was sentenced to serve a term of one and one-half years to four years in a state correctional institution for burglary, and five to twelve months in the Dauphin County Prison for possession of an instrument of crime.

On December 2, 1993, the Board lodged a detainer against Williams. On February 10, 1994, the Board held a hearing to determine whether to recommit Williams as a convicted parole violator because of his guilty pleas.

The Court of Common Pleas of Dauphin County issued an order on March 10, 1994, granting parole to Williams on his five to

twelve month sentence for possession of an instrument of crime. On May 16, 1994, the Board issued an order recommitting Williams as a convicted parole violator to serve his unexpired term of two years and two days. The Board recalculated the maximum term expiration date to be March 12, 1996. The Board did not credit Williams' original sentence for the time he served since December 2, 1993, the date the Board lodged a detainer against him.

On May 23, 1994, Williams filed an appeal from the revocation order and a petition for review of the recalculation order. On June 28, 1994, the Board Chairman's designee mailed a determination to Williams denying his request for relief. Williams appeals the determination to this court.[1]

On appeal Williams raises four issues: 1) whether the Board's power to recommit a convicted parole violator depends on its initiating violation proceedings before the maximum term date expires; 2) whether the Board erred in failing to apply 37 Pa.Code § 71.3 where the Board does not detain a convicted parole violator before conviction; 3) whether the Board incorrectly calculated his maximum term expiration date; and 4) whether the Board violated the administrative appeal process by permitting the Board Chairman's designee to decide the instant matter.

Regarding the first issue, we note that on October 13, 1993, Williams pled guilty to crimes he committed on May 19, 1993, while on parole from a sentence that had a maximum termination date of October 18, 1993. On December 2, 1993, the Board lodged a detainer against him. Williams argues that the Board lacked jurisdiction to lodge the detainer once the maximum termination date of October 18, 1993 expired. Williams contends that the Board erred by failing to take timely action to initiate proceedings against him pursuant to 37 Pa.Code § 71.1, which states in relevant part:

---

1. Our standard of review in this matter is limited to determining whether: (1) the necessary findings of fact and conclusions of law are supported by substantial evidence; (2) the Board committed an error of law; and (3) the parolee's constitutional rights were violated. Section 704 of the

Administrative Agency Law, 2 Pa.C.S.A. § 704; *Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Commonwealth Ct. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied,* 525 Pa. 589, 575 A.2d 118 (1990).

(a) *If an agent has reason to believe* that a parolee has violated the conditions of parole, that action of the Board is necessary, and that an arrest or the lodging of a detainer is appropriate, the agent may apply to his district supervisor for permission to arrest and for the issuance of a "Warrant to Commit and Retain" (PBPP–141).

(b) An application should normally be responded to either by the granting of permission to arrest with the issuance of the Board warrant or by granting a refusal to issue the warrant promptly.

(c) The warrant shall be executed forthwith, with every diligent effort being made to locate and arrest, as promptly as possible, the parolee named in the Board warrant.

. . . . .

(e) In those instances where the parolee is already in custody on another charge, the "Warrant to Commit and Retain" (PBPP–141) shall be lodged as a detainer at the institution where the parolee is held.

37 Pa.Code § 71.1 (emphasis added.)

■ The record in this case contains an Arrest Report (Certified Record at 9) indicating that the Board did not become aware of Williams' arrest until November 4, 1993. Since no agent had reason to believe that Williams had violated the conditions of his parole before the expiration date, the Board did not err in failing to lodge a detainer prior to that date. Under these circumstances, we are not persuaded by Williams that the Board's failure to take administrative action before October 18, 1993, prevents it from revoking his parole. Williams essentially argues that because his parole officer was unaware of his arrest until after he was convicted, the Board should have ignored the fact that he pled guilty to burglary and possession of an instrument of crime while on parole. We reject this argument as contrary to 37 Pa.Code § 71.1(a).

■ Regarding the second issue, Williams relies on 37 Pa.Code § 71.3 which sets forth the procedures the Board must follow when it detains a parolee based on new criminal charges. These procedures include a visit by a representative of the Board, and the sched-

uling of a detention hearing within thirty days to determine whether there is probable cause to believe that the parolee has committed a violation. The parolee is entitled to notification of the specific conditions of parole violated and his right to present evidence at the hearing and retain counsel. Williams argues that the Board failed to follow the procedures outlined in 37 Pa.Code § 71.3, and that as a result this court should vacate the Board's determination. The Board responds that the procedures relating to detention hearings apply only when the Board lodges a detainer *prior* to conviction and sentencing. The Board correctly cites *Dobson v. Forman*, 38 Pa.Commonwealth Ct. 449, 393 A.2d 1062 (1978) for the proposition that it need not hold a detention hearing *after* the conviction of a parole violator.

■ With respect to the third issue, Williams maintains that he is entitled to credit on his original sentence for the time he spent in custody between December 2, 1993, the date the Board lodged a detainer against him, and May 16, 1993, the day the Board mailed its revocation decision. Williams asserts that after he pled guilty on October 13, 1993, he was transferred to the State Correctional Institution at Camp Hill and was entered under the number CE 5184. After the Board lodged a detainer against him on December 2, 1993, he was placed back under his old number, BE 3990. Williams argues that because he was reentered under his old number, the time he served from December 2, 1993 through May 16, 1994 must be credited toward his original sentence. This argument is without merit, because pursuant to *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Commonwealth Ct. 454, 409 A.2d 980 (1980), credit for time a convicted parole violator spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence.

Concerning the fourth and final issue, we note that by letter dated June 28, 1994, K. Scott Roy, assistant chief counsel to the Board denied Williams' combined appeal of the revocation decision and petition for administrative review of the recalculation or-

der. Williams argues that this is an improper procedure.

Section 331.4(d) of what is frequently referred to as the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34, states:

> An interested party may appeal a revocation decision within thirty days of the board's order. The decision shall be reviewed by three board members appointed by the chairman or *the chairman's designee.*

61 P.S. § 331.4(d) (emphasis added.)

■ Williams argues that an appeal from a revocation decision must be reviewed by a three member panel. However, the Board correctly notes that pursuant to Section 334.1(d), the chairman's designee also has the power to review revocation decisions. We agree with the Board that its assistant chief counsel, acting as the chairman's designee, has authority to deny an appeal from a revocation decision.

With regard to a petition for administrative review, 37 Pa.Code § 73.1(b)(4) states:

> An employe of the Board designated by the Chairperson may review and respond to a petition for administrative review.

Pursuant to this regulation, the Board acted appropriately in permitting its assistant chief counsel to review and deny William's petition for administrative review.

For these reasons, we affirm the determination of the Board.

### ORDER

AND NOW, January 27, 1995, we affirm the determination of the Pennsylvania Board of Probation and Parole.