IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Ford,              :
                    Petitioner :
                               :
        v.                     : No. 861 C.D. 2015
                               : Submitted: October 16, 2015
Pennsylvania Board of          :
Probation and Parole,          :
                    Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                              FILED: February 5, 2016


        Christopher Ford petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Board) denying his administrative
appeal.  Ford's appointed counsel, Luzerne County Assistant Public Defender
Richard C. Shiptoski (Counsel), has filed an application for leave to withdraw as
counsel.  For the reasons that follow, we grant Counsel's request to withdraw and
affirm the Board's decision.

        On July 1, 2012, Ford was released on parole from the State
Correctional Institution (SCI) at Albion.  At the time of his parole, his maximum
sentence date was December 3, 2021.  On August 12, 2012, Philadelphia police
responded to a call that a black male, wearing red shorts and a white t-shirt, was

_____

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt
became President Judge.

seen carrying a gun at the corner of 8th and Oxford Streets. Responding officers spotted Ford, who matched the description. The officers identified themselves as police and ordered Ford to show his hands. Ford immediately fled. The officers called for backup and pursued Ford on foot. During the pursuit, Ford brandished a gun and repeatedly pointed it at the pursuing officers. In response, one of the officers shot at Ford six times. One bullet struck Ford in the neck, another struck him in the shoulder, and two other bullets grazed his forehead and nose. The officers arrested Ford and took him to a nearby hospital for treatment.

Ford was charged with aggravated assault and various firearm related violations. His bail was initially set at $500,000. On August 17, 2012, the Board issued a warrant to commit and detain Ford. On September 6, 2012, Ford was released on his own recognizance in lieu of bail on the new criminal charges; however, he remained incarcerated on the Board's warrant. On October 5, 2012, Ford was transferred to SCI-Graterford. On October 10, 2012, the Board issued a detainer pending disposition of the criminal charges. On December 6, 2012, Ford's bail was set at $500,000 on the new charges. Ford did not post bail.

Ford pleaded guilty to one count of aggravated assault and one count of unlawful possession of firearms. On August 25, 2014, the Court of Common Pleas of Philadelphia County sentenced Ford to a minimum of 1 year and 6 months to a maximum of 10 years for each count to be served concurrently.

On October 10, 2014, Ford signed a waiver of his parole revocation hearing and acknowledged his new felony convictions. On October 27 and November 14, 2014, the hearing examiner and a panel member signed, respectively, a Hearing Report accepting Ford's admissions and recommitting him as a convicted parole violator. Accordingly, the Board issued a decision on

2

January 21, 2015, recommitting Ford as a convicted parole violator to serve 36 months backtime.[2] The Board's decision recalculated Ford's maximum sentence date from December 3, 2021, to January 17, 2024.

On March 1, 2015, Ford, *pro se*, filed a petition for administrative review, wherein he argued that the Board used an incorrect "return to custody" date when computing his maximum sentence date. Ford wrote: "[t]he calculation on the ORDER TO RECOMMIT is incorrect. I arrived at SCI GRATERFORD, custody of the D.O.C. on 10-5-2012, which should be the date on the CUSTODY FOR RETURN, section that appears on the ORDER TO RECOMMIT, NOT 11-14-2014." Certified Record (C.R) at 83 (emphasis in original).

By decision mailed April 27, 2015, the Board denied Ford's appeal. The Board explained:

> The Board recommitted you to serve 36 months. The commencement of the original sentence for convicted parole violators is governed by the Prisons and Parole Code. The statute provides that convicted parole violators who are parolees from a state correctional institution ("SCI") and then receive another sentence to be served in an SCI must serve the new original sentence first. 61 Pa. C.S. §6138(a)(5). You were paroled from an SCI on July 1, 2012 and you received a new sentence to be served in an SCI so you have to serve your original sentence first. However, the provision governing sentence order does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until November 14, 2014 because that is when the Board voted to recommit you as a parole violator. *Campbell v.*

---

[2] "'Backtime' is a penalty imposed by the Board for a violation of parole. By definition, 'backtime' is that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms of conditions of parole prior to being eligible to again apply for parole." *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007) (Cohn-Jubelirer, J., dissenting) (internal citations omitted).

3

*Pennsylvania Board of Probation and Parole*, 409 A.2d 980 (Pa. Cmwlth. Ct. 1980).

The Board gave you 91 days of credit on your original sentence for the period you were incarcerated from September 6, 2012 (date you were released on ROR bail) to December 6, 2012 (date bail was set to monetary and not posted) because you were confined solely on the [B]oard detainer during this period. *Gaito v. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Conversely, credit for the periods you were incarcerated from August 25, 2014 (date of sentencing) must apply to your new sentence because you were incarcerated on both the new criminal charges and the [B]oard detainer during this period. *Id*. Additionally, credit for the period you were incarcerated from August 25, 2014 to November 14, 2015 should be applied to your new sentence when it is calculated. *Campbell*. Adding the 36-month recommitment term to the November 14, 2014 availability date, minus the 91 days of credit you received, yields a reparole eligibility date of August 14, 2017.

Board Decision, April 27, 2015, at 1. Ford then petitioned for this Court's review.[3]

In his petition for review, Ford stated that "he should have received credit from September 6, 2012 when he was released on ROR bail until the date of conviction on August 25, 2014." Petition for Review at 3. Essentially, Ford contends that the 91 days of backtime credit he received for time spent in custody on the Board's warrant from September 6 to December 6, 2012, is inadequate. Furthermore, Ford contends that the Board used the incorrect date for his return to Board custody, which Ford asserts took place on October 5, 2012, not November

---

[3] In conducting our review we must determine whether an error of law was committed, constitutional rights were violated, or the Board's decision is supported by substantial evidence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

4

14, 2014. Counsel has filed an application for leave to withdraw and an *Anders* brief[4] explaining why there is no legal basis for Ford's appeal.

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) sets forth the technical requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless,

> counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Withdrawing counsel may submit an *Anders* brief instead of a "no-merit" letter. *Id*. If the requirements of *Turner* are met, this Court must then consider whether the petitioner's claim lacks merit. *Id*.

In the matter *sub judice*, Counsel has filed an *Anders* brief which outlines his review of Ford's criminal record and explains his basis for concluding that Ford's issues for review lack merit. Furthermore, the record establishes that Counsel sent Ford a copy of the *Anders* brief, a copy of his petition to withdraw, and a letter advising Ford of his right to obtain new counsel or proceed *pro se*. In

---

[4] The brief Counsel has submitted is known as an *Anders* brief because the United States Supreme Court's seminal decision in *Anders v. California*, 386 U.S. 738 (1967), outlined the steps appointed counsel must take in order to withdraw representation of a criminal defendant.

5

short, Counsel has complied with the requirements of *Turner*. Therefore, we may consider the merits of Ford's petition.

Convicted parole violators are entitled to backtime credit for time spent in custody as a parole violator. 61 Pa. C.S. §6138(a)(4).[5] However, Section 6138(a)(5) of the Prisons and Parole Code limits a convicted parole violator's right to backtime credit for time he was incarcerated on both the Board's warrant and the new conviction:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5). Accordingly, the Board does not award backtime credit for any pre-sentence confinement that is not *solely* on the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980).

---

[5] Section 6138(a)(4) of the Prisons and Parole Code states:

> The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

61 Pa. C.S. §6138(a)(4).

Further, "credit for time a convicted parole violator spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995).

Ford contends that the Board erred because it did not give him credit for the time he was incarcerated from September 6, 2012, to August 25, 2014. We disagree. The Board awarded Ford credit for the period beginning on September 6, 2012, because that was the date on which he was released on his own recognizance for his new sentence. Stated otherwise, Ford was incarcerated after September 6, 2012, solely on the Board's detainer. However, on December 6, 2012, Ford's bail on his new charges was reset to $500,000. Because Ford did not post bail, he was no longer detained solely on the Board's warrant after December 6, 2012. In short, the Board correctly limited his credit for incarceration for the period September 6, 2012, to December 6, 2012.

Next, Ford contends that the Board erred in listing the date he returned to the Board's custody as November 14, 2014. According to Ford, his date of return should be October 5, 2012, when he was transferred to SCI-Graterford. We disagree. A parolee's "service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole." *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996). A prisoner's parole is not officially revoked until the Board obtains the second signature on the Hearing Report authorizing the Board to recommit the prisoner as a convicted parole violator. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015). Here, the second panel member signed the Hearing Report on November 14, 2014, which the

Board correctly determined to be the date Ford returned to custody for purposes of computing Ford's maximum sentence date.[6]

        For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Ford's appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

                                              _____

                                              MARY HANNAH LEAVITT, Judge

---

[6] Because the Board did not err in calculating Ford's backtime credit or the date he returned to the Board's custody, the Board also did not err in calculating Ford's new maximum sentence date.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Ford,                        :
               Petitioner                 :
                                               :
         v.                             : No. 861 C.D. 2015
                                               :
Pennsylvania Board of                    :
Probation and Parole,                    :
               Respondent                 :

## **O R D E R**

AND NOW, this 5th day of February, 2016, the order of the Pennsylvania Board of Probation and Parole, dated April 27, 2015, is AFFIRMED and the application for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, Judge