# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Felix Rodriguez, :
                    Petitioner :
                    :
       v. : No. 298 C.D. 2021
                    : SUBMITTED: August 6, 2021
Pennsylvania Parole Board, :
                Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: November 16, 2021**

Petitioner, Kevin Felix Rodriguez, petitions for review of an order of the Pennsylvania Parole Board (Board) that denied his administrative appeal of the Board's decision recommitting him to a state correctional institution as a convicted parole violator and declined to award him credit for the time he spent at liberty on parole. After review, we affirm the Board's order.

In December 2017, the Court of Common Pleas of Montgomery County sentenced Petitioner to one year, three months to two years, six months for criminal conspiracy and drug manufacture, sale, delivery or possession with intent to deliver, with a maximum sentence date of December 18, 2019. (Certified Record "C.R." at 1-2.) In March 2019, the Board released Petitioner to an approved home plan in Reading, Pennsylvania. (*Id.* at 7-8.) On October 15, 2019, the Board lodged a detainer against Petitioner for going to a shooting range and renting a firearm while

on GPS monitoring, and he was taken into custody the same day. (*Id.* at 11-12, 14, 19.) The next day, the Central Berks Police Department arrested and charged Petitioner with persons not to possess, use, or transfer firearms, which the Court of Common Pleas of Berks County subsequently docketed at CP-06-CR-0004725-2019 (2019 Case). (*Id.* at 55-61.) Bail was set at $15,000, which Petitioner did not post. (*Id.* at 56.)

By Board action recorded on November 25, 2019, the Board declared Petitioner delinquent effective October 15, 2019. (C.R. at 25.) The Board thereafter detained Petitioner pending disposition of his new criminal charges. (*Id.* at 23.) On December 18, 2019, the Board cancelled enforcement of its warrant to commit and detain Petitioner upon the expiration of his maximum date. (*Id.* at 24.)

On December 9, 2019, the Reading Police Department arrested Petitioner for conduct that occurred on August 28, 2019. (C.R. at 29-30, 66.) He was charged with two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and one count of intentional possession of a controlled substance by a person not registered. (*Id.* at 66.) The Court of Common Pleas of Berks County docketed these charges at CP-06-CR-0000291-2020 (2020 Case). (*Id.* at 65-72.) Bail was set at $10,000, which Petitioner did not post. (*Id.* at 66.)

On April 30, 2020, Petitioner pleaded guilty to possession of a firearm prohibited in the 2019 Case, and was sentenced to three to six years' imprisonment in a state correctional institution. (C.R. at 34, 56.) On the same day, Petitioner pleaded guilty to manufacture, delivery, or possession with intent to manufacture or deliver, and was sentenced to one to five years' imprisonment in a state correctional institution. (*Id.* at 33, 67.) The remaining charges were dismissed. (*Id.* at 67.) On May 20, 2020, the Board relodged its warrant and indicated that although

2

Petitioner's original maximum sentence date of December 18, 2019, had passed, the date was being extended due to his new criminal conviction, and that his maximum date would be calculated upon recording of the Board's final action. (*Id*. at 26.)

On May 27, 2020, the Board issued a notice of charges and hearing to Petitioner based on his new convictions. (C.R. at 27.) Petitioner waived his right to counsel and revocation and panel hearings, and admitted to his new convictions. (*Id*. at 38-41.) On July 1, 2020, a hearing examiner recommended that Petitioner be recommitted as a convicted parole violator and denied credit for time spent at liberty on parole. (*Id*. at 42-48.) On July 31, 2020, a Board member agreed with the hearing examiner's recommendation and signed the revocation hearing report. (*Id*. at 49.) By decision mailed on October 23, 2020 (recorded on August 13, 2020), the Board recommitted Petitioner as a convicted parole violator to serve his unexpired term of 8 months and 23 days in a state correctional institution. (*Id*. at 75-76.) The Board, in its discretion, denied Petitioner credit for the time he spent at liberty on parole because one of his new convictions was the same or similar to his original offense. (*Id*. at 75.) The Board recalculated Petitioner's parole violation maximum sentence date as April 25, 2021.[1] (*Id*. at 73-76.)

On November 20, 2020, Petitioner filed an administrative remedies form challenging the Board's October 23, 2020 decision. (C.R. at 77-79.) First, Petitioner argued that the Board abused its discretion by not awarding him credit for all of the time he spent in good standing on parole. Second, Petitioner claimed that the Board

---

[1] Although Petitioner's recalculated maximum sentence date has passed, it appears that Petitioner is still incarcerated under the jurisdiction of the Pennsylvania Department of Corrections. *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Oct. 5, 2021). Therefore, this matter is not moot, because any error in the recalculation of his maximum sentence date could affect the timing of subsequent sentences he may now be serving. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

failed to give him credit for all of the time he served exclusively on the Board's warrant.[2] (*Id.*)

The Board issued a response on March 4, 2021. (C.R. at 83-85.) The Board first explained that its recommitment of Petitioner as a convicted parole violator authorized it to deny Petitioner credit for time spent at liberty on parole and to recalculate Petitioner's maximum sentence date. The Board further explained that Petitioner had 269 days remaining on his original sentence when he was released on parole on March 24, 2019. The Board did not award Petitioner credit for his time spent at liberty on parole because one of his new convictions was the same or similar to his original offense, which is a sufficient reason for denying credit. The Board determined, however, that Petitioner was entitled to one day of presentence credit for the period from October 15, 2019, to October 16, 2019, when he was confined solely on the Board's warrant. Because Petitioner did not post bail on his Berks County charges, he was not held solely on the Board's warrant after October 16, 2019. The Board explained that any other time Petitioner spent incarcerated that was not credited to his original sentence would be calculated by the Department of Corrections and credited towards his new state sentence. Subtracting 1 day from 269 left 268 days remaining on Petitioner's original sentence. The Board further explained that under the Prisons and Parole Code,[3] a convicted parole violator who is released from a state correctional institution and receives a new sentence to be served in a state correctional institution must serve the original sentence first; however, that provision does not take effect until a parole violator's parole is revoked. Therefore, Petitioner became available to commence service of his original

_____

[2] Petitioner submitted a second administrative remedies form pro se on February 4, 2021, which the Board noted it would not consider because it was filed outside of the 30-day appeal period. (C.R. at 80-83.)

[3] 61 Pa. C.S. §§ 101-7301.

4

sentence on July 31, 2020, the day the Board member executed the revocation hearing report and revoked Petitioner's parole. Adding 268 days to that date yielded a recalculated parole violation maximum sentence date of April 25, 2021. Accordingly, the Board denied Petitioner's request for administrative relief and affirmed its October 23, 2020 decision. Petitioner's petition for review followed.

Petitioner claims that the Board failed to give him credit for all of the time he served exclusively on the Board's warrant. Second, he argues that the Board abused its discretion by not awarding him credit for all of the time he spent at liberty on parole in good standing.

We first consider Petitioner's claim that the Board erred by failing to award him credit for all the time he served exclusively on the Board's warrant. Petitioner identifies this issue in both his statement of the questions involved and in the heading of his first issue in his brief. (Petitioner's Brief "Br." at 4, 10.) However, Petitioner's argument as to this issue pertains to whether the Board established the correct custody for a return date. (*See* Petitioner's Br. at 10-11.) We conclude that Petitioner waived his claim that the Board used the wrong custody for a return date because he did not raise it before the Board in his administrative appeal.[4] "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).[5]

---

[4] The Board does not address waiver in its brief.

[5] Even absent waiver, we would conclude that this issue is without merit. Petitioner appears to challenge the 30-day time period from July 1, 2020, when he claims he was returned to the Board's custody, and July 31, 2020, when his parole was officially revoked. He claims that his new maximum date should have been recalculated from July 1, 2020, instead of July 31, 2020, and that he is thus entitled to credit against his original sentence for that 30-day period. We disagree.

Section 6138(a)(5)(i) of the Prisons and Parole Code requires that a convicted parole violator who receives a new sentence to be served in a state correctional institution must serve the backtime

Although Petitioner has not provided any argument with respect to his first issue regarding whether the Board erred by failing to give him credit for all of the time he served exclusively on its warrant, we note that Petitioner raised the issue in his administrative appeal to the Board and in his petition for review filed with this Court. Moreover, because the Board addressed the issue in its March 4, 2021 decision and in its brief filed with this Court, and because we are able to address the issue based on the Certified Record in this matter, we decline to find waiver of this issue and will consider it.

In general, presentence periods of incarceration shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for a new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Where bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must be applied to the new sentence. *Id.* Only if "it is not possible to award all of the credit on the new sentence because the period of pre[]sentence incarceration exceeds the maximum term of the new sentence" may

---

on his original state sentence first. 61 Pa. C.S. § 6138(a)(5)(i). However, it is well settled that the requirement that a convicted parole violator serve the balance of his original sentence "only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980). "[C]redit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) (quotations omitted) [quoting *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995)]. "Parole revocation occurs once a hearing examiner and Board member . . . sign a hearing report recommitting a prisoner as a [convicted parole violator]," *id.*, which here occurred on July 31, 2020. (C.R. at 49.) Accordingly, absent waiver, we find no error in the Board's decision to recalculate Petitioner's new maximum date from July 31, 2020, when the Board member signed the hearing report recommitting Petitioner as a convicted parole violator, and thus, when Section 6138(a)(5)(i) became operative and the remainder of his original sentence became due and owing. We also find no error in the decision to apply that 30-day period from July 1, 2020, to July 31, 2020, to Petitioner's new sentence in accordance with *Barnes*.

6

the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted).

Applying those rules here, Petitioner was initially detained solely on the Board's warrant from October 15, 2019, until he was arrested and charged by the Central Berks Police Department on October 16, 2019, a period of one day. The Board credited this one day to Petitioner's original sentence. (C.R. at 73.) The Board did not credit Petitioner's remaining presentence confinement time after October 16, 2019, toward his original sentence because Petitioner never posted bail in either the 2019 Case or the 2020 Case and, therefore, remained detained on both the new criminal charges and on the Board's detainer, or just on the new criminal charges, up until his sentencing on both sets of charges on April 30, 2020. Therefore, the presentence confinement time beginning on October 17, 2019, must be applied to his new sentence, and, because there is no allegation that the remaining presentence confinement time exceeds the maximum sentence on his new charges, Petitioner was not entitled to any further credit against his original sentence. *See Armbruster*, 919 A.2d at 355.

Petitioner also argues that the Board abused its discretion by denying him credit for time spent at liberty on parole in good standing. Specifically, he contends that neither of his new Berks County convictions are violent offenses under Section 9714(g) of the Judicial Code, 42 Pa. C.S. § 9714(g), such that the Board would be prevented from awarding him credit for time spent at liberty on parole. (Petitioner's Br. at 11-13.) Accordingly, Petitioner maintains that he should at least be awarded 164 days of credit for the period from March 24, 2019, to September 4, 2019, during which he was under minimum supervision. (*Id*. at 12-13.) Alternatively, he claims that he should be awarded 205 days of credit for the period from March 24, 2019, the date he was paroled, to October 15, 2019, the date of his arrest. (*Id.*)

7

The Board has discretion to award a convicted parole violator credit for the time spent at liberty on parole, except where he or she is recommitted for the reasons stated in Section 6138(a)(2.1)(i) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1)(i), which does not apply here. Further, the Board must articulate the basis for its decision to grant or deny credit for that time. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). Here, the Board justified its decision to recommit Petitioner without credit for the time he spent at liberty on parole by explaining that Petitioner's new conviction was the same or similar to his original offense. We have held that this exact reason is sufficient, under *Pittman*, to support the Board's decision to deny credit. *See Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, Aug. 21, 2019), slip op. 10-12 (holding Board's reason for denying a parolee street time credit—that his new conviction was the same or similar to his original offense—was a valid basis to deny credit under *Pittman*); *Lawrence v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed Apr. 12, 2019), slip op. 8-9 (same), *appeal denied*, (Pa., No. 387 EAL 2019, filed Jan. 23, 2020).[6] As such, the Board did not abuse its discretion when it denied Petitioner credit for his time spent at liberty on parole.

Accordingly, we affirm the Board's order.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported decisions are not binding precedent but may be cited for persuasive value. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Felix Rodriguez,        :
             Petitioner     :
                               :
       v.                  :    No. 298 C.D. 2021
                               :
Pennsylvania Parole Board,       :
            Respondent   :

# **O R D E R**

AND NOW, this 16th day of November, 2021, the order of the Pennsylvania Parole Board, dated March 4, 2021, is AFFIRMED.

 

                                _____

                                **BONNIE BRIGANCE LEADBETTER,**
                                President Judge Emerita