IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kelly B. Donahue, | : | |
| Petitioner | : | |
| | : | No.  239 C.D. 2022 |
| v. | : | |
| | : | Submitted: March 8, 2024 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge

### *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: April 16, 2024

Kelly B. Donahue (Petitioner), *pro se*, petitions for review of the March 3, 2022 order of the Pennsylvania Parole Board (Board), which affirmed its November 3, 2021 determination recommitting Petitioner as a convicted parole violator (CPV) and recalculating his parole violation maximum date.  Upon careful review, we affirm.

### I. Facts and Procedural History

Petitioner was released on parole from multiple sentences on February 9, 2016, upon successful completion of the sex offender program, to a county detainer and to a specialized community corrections center when a bed date was available. (Certified Record (C.R.) at 13.)  Petitioner's maximum date was May 3, 2028. *Id.*  On October 19, 2016, Petitioner pled guilty to providing false identification to law enforcement and was sentenced to 12 months' probation with immediate release to his

parole detainer. *Id.* at 62. On January 26, 2017, the Board issued a decision recommitting Petitioner to a state correctional institution (SCI) as a CPV. *Id.* at 17-19. Petitioner's original maximum date was recalculated to September 19, 2028. *Id.* at 20.[1]

On December 23, 2019, Petitioner absconded from parole supervision and was declared delinquent by the Board effective that date. *Id.* at 60. On January 15, 2020, Petitioner was arrested by the Harrisburg Police Department for providing false information and failing to register as a sex offender. *Id.* at 60. That same day, the Board lodged its detainer. *Id.* at 56. On January 28, 2020, Petitioner was confined to the Dauphin County Prison after he was unable to post bail. *Id.* at 123. The Board issued a Notice of Charges and Hearing based on Petitioner's conviction on the new charges. *Id.* at 57. The same day, Petitioner waived his right to a revocation hearing and counsel and admitted to the conviction. *Id.* at 58-59. On February 18, 2020, the Board issued a decision to detain Petitioner, pending disposition of criminal charges. *Id.* at 85.

On August 12, 2021, Petitioner entered a guilty plea to failure to register with the Pennsylvania State Police (PSP) and failure to verify address/be photographed in violation of 18 Pa. C.S. § 4915.2(a)(1)-(2)[2] and was sentenced to one and one half

---

[1] Petitioner's custody for return date was October 19, 2016, he was given 114 days' credit and his backtime owed was 4,353 days. (C.R. at 20.)

[2] Section 4915.2(a)(1)-(2) provides:

> (a) Offense defined.--An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:
>
> > (1) register with the [PSP] as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability);

**(Footnote continued on next page…)**

to three years' incarceration. *Id.* at 94. He received 563 days' credit toward his new sentence for the time he was incarcerated awaiting sentencing and unable to post bail, from January 28, 2020, to August 13, 2021. *Id.* at 94. On September 9, 2021, Petitioner signed documentation with the Board waiving his right to counsel and a revocation hearing and admitting his criminal convictions. *Id.* at 90-92. On September 22, 2021, a hearing examiner and a Board member executed and signed a revocation hearing report recommitting Petitioner as a CPV to serve the balance of his original sentence. *Id.* at 112-119. Thereafter, on November 3, 2021, the Board recorded its action and recommitted Petitioner as a CPV to serve 12 months' backtime and denied him any credit for time spent in good standing while at liberty on parole because Petitioner had absconded while on parole supervision. *Id.* at 140-43. Petitioner was awarded 13 days' credit for the period of January 15, 2020, to January 28, 2020, when he was held solely on the Board's warrant. In recalculating Petitioner's new maximum sentence date, the Board determined that Petitioner owed 3,681 days on his original maximum sentence. Discounting the period of time from Petitioner's release date, August 9, 2018, to the date of his recommitment as a CPV, the Board added the 3,681 days to the date it voted to recommit Petitioner, September 22, 2021, and recalculated his maximum sentence date as October 21, 2031. *Id.*

On November 24, 2021, the Board received Petitioner's administrative remedies form challenging the Board's decision. *Id.* at 157. The form, submitted through counsel, claimed that (1) Petitioner's aggregated sentence had been miscalculated; (2) the Board failed to give Petitioner credit for all time incarcerated or

---

(2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence).

18 Pa.C.S. § § 4915.2(a)(1)-(2).

3

served solely pursuant to the Board's warrant; and (3) the Board used the wrong custody for return date in calculating Petitioner's maximum date. *Id.* at 157.

By decision dated March 3, 2022, the Board initially noted that, to the extent that Petitioner's aggregated sentence was miscalculated, such concern should be addressed by the records department for the Department of Corrections and not the Board. *Id.* at 160. Next, the Board stated that, based on the record, Petitioner was properly awarded 13 days' credit toward his original sentence because he was held solely on the Board's warrant during that period (January 15, 2020, to January 28, 2020). The Board explained that Petitioner was not entitled to credit on his original sentence from January 28, 2020, to August 12, 2021, because he did not post bail on his new criminal charges and, thus, the Board did not hold him solely on its detainer following his arrest. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Finally, the Board concluded that pursuant to Section 6138(a)(4)-(5)(i) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(4)-(5)(i),[3] a CPV who is

---

[3] Section 6138(a)(1) of the Code provides the Board with the authority to recommit a parolee as a CPV. Subsections (4) and (5) of this provision state as follows:

> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(4)-(5)(i).

released on parole and receives a new sentence while on parole must first serve the original sentence before beginning the terms of the new sentence. According to the Board, Petitioner did not become available to serve his original sentence until September 22, 2021, because that was the date the Board had voted to recommit him as a CPV.[4] *Id*. at 160-62. This appeal followed.[5]

## II. Issues

On appeal,[6] Petitioner raises the following issues: (1) whether the Board erred in determining his custody for return date; and (2) whether the Board abused its discretion by failing to award Petitioner credit for all time served in good standing on parole.

## III. Discussion

### A. Custody for Return Date

Petitioner argues that his custody for return date should be August 12, 2021, the day he was sentenced for his new conviction, and not September 22, 2021, the day the Board voted to revoke his parole. We disagree.

---

[4] After reviewing the record, this Court notes that the March 3, 2022 Board decision contains an error. The Board erroneously noted the wrong maximum date of August 19, 2028, from Petitioner's original sentence instead of September 19, 2028, therefore reducing the total backtime owed by one month. However, the Board did state the correct recalculated maximum date. This typographical error does not have any impact on the decision of this case.

[5] The Petition for Review was filed by Attorney Kent Watkins, Petitioner's counsel (Counsel), on March 22, 2022. On April 21, 2022, the Court granted Petitioner's application to proceed in forma pauperis. On July 22, 2022, Petitioner's brief was submitted by Counsel. Subsequently, Counsel was granted an application to withdraw as counsel on May 16, 2023, and Petitioner did not submit any briefs on his own behalf after that date.

[6] Our standard of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

Recently, in *Wiles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 503 C.D. 2019, filed February 10, 2020),[7] this Court addressed the very same argument that Petitioner raises here. In that case, the petitioner contended that, under Section 6138(a)(4)-(5) of the Code, he was placed in the custody of the Board on "the date on which he was sentenced for the new conviction" because, at that time, "he was available to begin serving his backtime." *Wiles*, slip op. at 5. The petitioner argued that, as such, his sentencing date on the new convictions should have been the baseline day the Board used to calculate his new maximum sentence date. In rejecting the petitioner's contentions, we stated as follows:

> This Court has examined the plain language of Section 6138 numerous times and has long held that a **CPV only becomes available to serve backtime on the date his parole is revoked, not the date he is sentenced for a new criminal conviction**. *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019); *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996); *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995); *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980). Parole revocation occurs when a hearing examiner and a Board member, or two Board members, sign a hearing report recommitting a parolee as a CPV. 61 Pa.C.S. §6113(b). When the Board recommits a CPV to serve the balance of his original sentence, the backtime must be computed from the revocation date. *Hill*, 683 A.2d at 702; *Campbell*, 409 A.2d at 982. If a CPV has served time prior to the date the Board revokes his parole, that time must be applied to his new sentence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *Campbell*, 409 A.2d at 982. We decline [the petitioner's] invitation to disturb this well-settled precedent.

---

[7] We cite *Wiles, Flynn, and Williams* for their persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code §69.414(a).

*Wiles*, slip op. at 6 (emphasis added); *see also Flynn v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 181 C.D. 2020, filed October 26, 2020).

As our decision in *Wiles* illustrates, Petitioner's argument is directly refuted by our case law. Petitioner was sentenced on August 12, 2019. On September 9, 2019, Petitioner waived his right to counsel and a revocation hearing and admitted his criminal convictions. On September 22, 2021, a hearing examiner and a Board member executed and signed a revocation hearing report recommitting Petitioner as a CPV to serve the balance of his original sentence. Pursuant to *Wiles*, Petitioner became available to serve backtime on September 22, 2021, the date his parole was revoked. Therefore, the Board correctly used the parole revocation date and not the sentencing date as Petitioner's custody for return date in Petitioner's new maximum sentence date calculations.

## B. Credit for Time Spent at Liberty on Parole

Section 6138(a)(2.1) of Code "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). There are two enumerated exceptions to the Board's discretion to award credit. Specifically, Section 6138(a)(2.1)(i-ii) of the Code provides that the Board may, in its discretion, "award credit to an offender . . . for the time spent at liberty on parole," unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence [as defined in Section 9714(g) of the Judicial Code, 42 Pa.C.S. § 9714(g)] or a crime listed under 42 Pa. C.S. Ch. 97 Subch. H[8]

---

[8] 42 Pa.C.S. §§ 9799.10-9799.40.

7

(relating to registration of sexual offenders) or I[9] (relating to continued registration of sexual offenders).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2.1)(i)-(ii). Given that Petitioner was actually convicted of, *inter alia*, failing to register as a sex offender, the exception in Section 6138(a)(2.1)(ii) applies.

In *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1149 C.D. 2019, filed April 24, 2020), the Board recommitted the petitioner to serve his unexpired term as a CPV after he pled guilty to Involuntary Deviate Sexual Intercourse with a Child, Sexual Abuse of Children (Photograph/Film/Depict on Computer Sex Act – Knowingly or Permitting a Child), and Incest. The Board did not award the petitioner credit for the time spent at liberty on parole. After the Board denied the petitioner's request for administrative relief, he appealed to this Court. We explained that "Section 9714(g) of the Judicial Code defines 'rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, [and] sexual assault' as crimes of violence. 42 Pa.C.S. § 9714(g)." *Williams*, slip op. at 6. Therefore, under Section 6138(a)(2.1)(i), the Board was precluded from awarding the petitioner credit; thus he was not entitled to credit for his time spent at liberty on parole.

As in *Williams*, Section 6138(a)(2.1)(i) applies to Petitioner. Petitioner committed a crime listed under 42 Pa. C.S. Ch. 97 Subch. H, failure to register with the PSP and failure to verify address/be photographed. Therefore, the Board did not err in declining to award Petitioner credit for time spent at liberty on parole.

---

[9] 42 Pa.C.S. §§ 9799.51-9799.75.

## IV. Conclusion

Accordingly, discerning no error in the Board's decision, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly B. Donahue,                         :
                    Petitioner            :
                                          :   No.  239 C.D. 2022
            v.                            :
                                          :
Pennsylvania Parole Board,                :
                    Respondent            :


## *ORDER*


AND NOW, this 16th day of April, 2024, the March 3, 2022 order of the Pennsylvania Parole Board is hereby AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge