IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bret Sweeting,                         :
               Petitioner        :
                         :
        v.                 :    No. 1108 C.D. 2023
                         :
Pennsylvania Parole Board,    :    Submitted: October 8, 2024
              Respondent   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 19, 2024


         Bret Sweeting (Petitioner) petitions for review of the August 23, 2023 order of the Pennsylvania Parole Board (Board), which affirmed its November 17, 2022 decision recommitting him as a convicted parole violator (CPV) and recalculating his maximum sentence date. On appeal, Petitioner contends the Board failed to credit him with all time served. Upon review, we affirm.

## Background

         The relevant facts and procedural history of this case are as follows. In November of 1994, Petitioner entered a guilty plea in the Lycoming County Court of Common Pleas (trial court) to one count each of possession with intent to deliver a controlled substance (PWID) and criminal conspiracy to commit PWID.[1] The trial court sentenced Petitioner to an aggregate term of 10 to 19 years' incarceration, with

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903(c).

minimum and maximum dates of February 7, 2015 and February 7, 2024, respectively. (Certified Record (C.R.) at 124.)

Petitioner was released on parole on February 8, 2015. (C.R. at 3.) Petitioner was arrested on May 3, 2016 for driving under the influence of alcohol and was subsequently convicted of that offense. By decision issued December 21, 2016, the Board recommitted Petitioner as a CPV to serve six months' backtime for the violation, with the maximum date on his original sentence recalculated to May 9, 2024. (C.R. at 10.) He was reparoled on July 18, 2017. (C.R. at 15.)

On August 17, 2018, the Board issued a warrant to commit and detain Petitioner for parole violations. On August 22, 2018, Petitioner was arrested by the Scranton Police Department in Lackawanna County on charges stemming from his involvement in an arson, which resulted in the death of his son. (C.R. at 62, 88.) He was charged with multiple offenses including second-degree murder at Docket No. 2639-2018. (C.R. at 62-63.) Petitioner was detained on the new charges and was denied bail. (C.R. at 55.) By decision recorded September 25, 2018, the Board detained Petitioner pending disposition of the new Lackawanna County charges. (C.R. at 20.)

On April 14, 2022, Petitioner pled guilty to one count of involuntary manslaughter at Docket No. 2639-2018. On July 8, 2022, the Lackawanna County Court of Common Pleas sentenced him to a term of two and one-half to six years of incarceration. (C.R. at 53, 56.) On November 10, 2022, the Board issued Petitioner a notice of parole violation based on the new conviction. The hearing examiner held a hearing on the matter on November 16, 2022. By notice of decision entered November 17, 2022, the Board recommitted Petitioner as a CPV to serve 12 months of backtime, with a new parole violation maximum date of September 3, 2029 (Decision). (C.R. at

2

104.)   The Board entered an Order to Recommit, reflecting that in making this calculation, the Board credited Petitioner with five days of time served from August 17, 2018, when it had issued its warrant until August 22, 2018, when he was arrested and denied bail on the Lackawanna County charges.  (C.R. at 102.)

Petitioner filed an administrative remedies form on December 9, 2022, challenging the Board's Decision.  By letter issued August 23, 2023, the Board affirmed its Decision.  In doing so, it explained:

> In this case, the Board did not award credit for time at liberty on parole.  This means there were 2[,]487 days still remaining on his sentence, based on his recommitment.  The Board lodged its detainer against him on August 17, 2018.  He was arrested on August 22, 2018, for new criminal charges at docket number 2639-2018 in the Court of Common Pleas of Lackawanna County.  He did not post bail.  He was sentenced on July 8, 2022[,] to two years, six months to five years to be served in a state correctional institution.  He was given back time credit from August 17, 2018[,] to August 22, 2018[,] for a total of 5 days.  When you subtract five days, there were 2[,]482 days still remaining on his sentence.
>
> The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive an [State Correctional Institution (SCI)] sentence must serve the original sentence first, 61 Pa. C.S. § 6138(a)(5).  However, that provision does not take effect until the parolee is recommitted as a convicted parole violator.  In this case November 17, 2022[,] is his effective date because he was available to the Board to serve his back time.  Adding 2[,]482 days to that date yields a new maximum date of September 3, 2029.

(C.R. at 133.)  This appeal followed.

3

Petitioner's sole argument on appeal is that the Board erred by failing to credit him with time served for the period from his arrest in Lackawanna County on August 22, 2018, until his sentencing on those charges on July 8, 2022. Petitioner maintains that because he was in custody on both the Board warrant and the Lackawanna County charges, the Board was obligated to grant him credit for the time he served awaiting resolution of the Lackawanna County charges. (Petitioner's Br., at 7-11.)

We begin by observing that, upon a parolee's recommitment as a CPV, he must serve the remainder of the term which he would have been required to serve had he not been paroled. *Boyd-Chisholm v. Pennsylvania Board of Probation & Parole*, 240 A.3d 1005, 1011 (Pa. Cmwlth. 2020). Section 6138(a) of the Prisons and Parole Code (Code)[3] governs parole violations and provides in relevant part with respect to CPVs that:

> **(a) Convicted violators. - -**
> . . . .
>
> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

---

[2] Our standard of review is limited to determining whether the Board's decision was supported by substantial evidence, whether an error of law occurred, or whether constitutional rights were violated. *Brown v. Pennsylvania Board of Probation & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017). To the extent that this appeal involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Scott v. Pennsylvania Board of Probation & Parole*, 284 A.3d 178, 186 (Pa. 2022).

[3] 61 Pa. C.S. §§ 101-6309.

(i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

61 Pa. C.S. § 6138(a)(5)(i).

Thus, under subsection (5)(i), a CPV must first serve the balance of his original sentence before beginning the term of his new state sentence. However, "this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. Pennsylvania Board of Probation & Parole*, 409 A.2d 980, 981 (Pa. Cmwlth. 1980).

With respect to the allocation of credit for time served for a parolee awaiting the disposition of new criminal charges, our Supreme Court established the general rule in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Pursuant to *Gaito*, "this Court [has] consistently held that once a parolee is sentenced on a new criminal offense, **the period of time between arrest and sentencing, when bail is not satisfied, must be applied toward the new sentence**, and not to the original sentence." *Armbruster v. Pennsylvania Board of Probation & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007) (emphasis added). Additionally, "credit for time a [CPV] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pennsylvania Board of Probation & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995).

Here, the Board lodged its detainer against Petitioner on August 17, 2018. Five days later, on August 22, 2018, Petitioner committed the new offense in Lackawanna County that resulted in his conviction as a CPV and he was denied bail on the new charges. He was sentenced on the new charges on July 8, 2022, and the Board revoked his parole and recommitted him to serve his original sentence on November 17, 2022. Therefore, Petitioner was detained solely on the Board detainer only from August 17 through August 22, 2018, and the Board granted him credit for

those five days of time served. Petitioner was then detained on **both** the Board detainer and on the new charges until November 17, 2022, when he became available to commence serving the backtime on his original sentence. Therefore, pursuant to *Gaito*, this time must apply to Petitioner's new sentence and cannot be credited against his original sentence. Based on the foregoing, we conclude that the Board has properly calculated Petitioner's maximum sentence date. His argument to the contrary merits no relief.

 

 

 
_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bret Sweeting,                                    :
            Petitioner                            :
                                                  :
      v.                                          :    No.   1108 C.D. 2023
                                                  :
Pennsylvania Parole Board,                        :
            Respondent                            :

## *ORDER*

AND NOW, this 19th day of  November, 2024, the August 23, 2023 order of the Pennsylvania Parole Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge