IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dylan Andrew Riley,     :
      Petitioner :
          :
  v.        :
          :
Pennsylvania Parole Board,  :  No. 85 C.D. 2024
      Respondent :  Submitted: November 7, 2024

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: December 10, 2024

    Dylan Andrew Riley (Riley), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on January 10, 2024 (Board Order), that denied Riley's *pro se* administrative appeal of a Board decision recorded on June 20, 2023, revoking Riley's parole. Also before us is the Application for Leave to Withdraw Appearance (Application to Withdraw) of Dana E. Greenspan, Esquire (Counsel),[1] asserting that the petition for review is frivolous. For the following reasons, we grant the Application to Withdraw and affirm the Board Order.

---

   [1] Riley is incarcerated and indigent and Counsel is providing free legal service on behalf of the Montgomery County Public Defender's Office for the purpose of the instant appeal before this Court. *See* Application for Leave to Proceed In Forma Pauperis filed February 1, 2024; Commonwealth Court Order dated February 7, 2024; Praecipe of Appearance filed February 7, 2024.

## I. Background

On November 2, 2018, Riley received a sentence of one year and six months to three years of incarceration on a conviction for robbery, threat of immediate serious bodily injury (Original Sentence).[2] *See* Certified Record (C.R.) at 1. His minimum and maximum sentence dates on the Original Sentence were thus October 18, 2019, and April 18, 2021, respectively. *See* C.R. at 2. Riley was released on parole from the Original Sentence on April 9, 2020. *See* C.R. at 4-10.[3]

On September 21, 2020, the Board issued a Warrant to Commit and Detain (First Warrant) based on Riley's arrest for firearms offenses[4] (New Charges) in Folcroft, Pennsylvania, on that date. *See* C.R. at 11-12. On October 16, 2020, the Board entered a decision to detain Riley pending the disposition of the New Charges. *See* C.R. at 12. Riley reached the maximum date of the Original Sentence on April 18, 2021. *See* C.R. at 7. On September 3, 2021, Riley posted bail on the New Charges. *See* C.R. at 43.

Riley entered a plea of guilty to the New Charges on January 24, 2023, and reported to prison on February 24, 2023. *See* C.R. at 19. Thereafter, the Board lodged a second Warrant to Commit and Detain (Second Warrant) on March 13,

---

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] Riley was granted parole by Board Decision recorded on June 10, 2019. *See* C.R. at 4. His actual date of release, however, was April 9, 2020. *See id.* at 7.

[4] The offenses charged were Possession of Firearms Prohibited, 18 Pa.C.S. § 6105(a)(1), and Firearms Not to Be Carried Without a License, 18 Pa.C.S. § 6106(a)(1). *See* C.R. at 43.

2023, based on Riley's convictions on the New Charges.[5]  *See* C.R. at 13-14.  The Board then conducted a revocation hearing on June 5, 2023.  *See* C.R. at 19-39.

By decision recorded on June 20, 2023 (Board Decision), the Board revoked Riley's parole, recommitted him to serve the remaining 374 days of backtime[6] on the Original Sentence, and denied credit for time Riley spent at liberty on parole, his "street time."  *See* C.R. at 74-75.  The Board Decision calculated Riley's parole violation maximum sentence date as June 21, 2024.  *See* C.R. at 74.

On June 24, 2023, Riley filed a timely *pro se* administrative appeal of the Board Decision.  *See* C.R. at 76-77.  By letter dated January 10, 2024, the Board denied Riley's administrative appeal.  *See* Board Order, C.R. at 79-80.  In affirming the Board Decision, the Board explained to Riley that

> [y]ou paroled from the state correctional institution [(]"SCI"[)] on April 9, 2020[,] with a maximum date of April 18, 2021, leaving you with 374 days remaining on your original sentence the day you were released.  The Board's decision to recommit you as a convicted parole violator ("CPV") authorized the recalculation of your maximum date to reflect that you received no credit for the time spent at liberty on parole.  61 Pa.C.S. § 6138(a)(2).  In this case, the Board did not award you credit for the time spent at liberty on parole.  This means that you still owed

---

[5] Following his guilty plea on the New Charges, Riley received sentences of 24 to 72 months of incarceration followed by 7 years of probation for his Possession of Firearms Prohibited conviction and a concurrent sentence of 24 to 48 months for the Firearms Not to Be Carried Without a License conviction.  *See* C.R. at 40, 44.

[6] "Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ."  *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (defining backtime as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled").

3

374 days on your original sentence based on the recommitment.

The record reveals that on September 1, 2020[,] you were arrested for new criminal charges in Delaware County and the Board lodged a warrant against you. You did not initially post bail until September 3, 2021. On April 18, 2021, you reached your max date and the Board released its warrant. On January 24, 2023, you were sentenced on the new criminal charges in Delaware County Court of Common Pleas (docket CR-221-2021) to a new term of incarceration to be served in a state correctional institution ("SCI"). After your conviction was verified, the Department of Corrections ("DOC") re-lodged a warrant against you on March 13, 2023. Your revocation hearing was held on June 5, 2023[,] and the Board subsequently voted to revoke your parole for the new conviction on June 13, 2023.

Based on these facts, you are not entitled to backtime credit because the Board did not hold you solely on its detainer prior to sentencing. *Gaito v. Pa.* [*Bd. of Prob.*] *and Parole*, 412 A.2d 568 (Pa. 1980). Thus, you still owed 374 days on your original sentence.

C.R. at 79-80. The Board continued to explain that

[t]he Prisons and Parole Code provides that a CPV who was released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first, and *those terms must be served consecutively*. 61 Pa.C.S. § 6138(a)(5); *see also Commonwealth v. Dorian*[,] 468 A.2d 1091 (Pa. 1983). However, that provision does not take effect until the Board revokes the offender's parole. *Campbell v. Pa.* [*Bd. of Prob.*] *and Parole*, 409 A.2d 980 (Pa. 1980). This means that you became available to commence service of your original sentence on June 13, 2023, because that is the day the Board obtained enough signatures to declare you a parole violator. Adding 374

4

days to June 13, 2023[,] yields a recalculated maximum date of June 21, 2024. Thus, the Board properly recalculated your maximum date.

C.R. at 80 (emphasis in original). Finally, the Board explained as follows: "Please note that any time spent incarcerated that was not applied toward your original sentence will be calculated by the Department of Corrections and applied toward your new state sentence when you begin serving that term." C.R. at 80.

Still acting *pro se*, on February 2, 2024, Riley filed a timely Petition for Review together with an Application for Leave to Proceed In Forma Pauperis (IFP Application). On February 7, 2024, this Court granted Riley's IFP Application and appointed the Montgomery County Public Defender's Office to represent Riley in the instant appeal.[7] *See* Commonwealth Court Order dated February 7, 2024. Thereafter, on April 1, 2024, Counsel filed a *Turner/Finley* letter[8] (*Turner/Finley* Letter) and the Application to Withdraw with this Court. The Court then filed an order informing Riley that he could either obtain substitute counsel at his own expense to file a brief on his behalf or he could file a *pro se* brief on his own behalf within 30 days of service of the order. *See* Commonwealth Court Order dated April 4, 2024. Riley neither secured private counsel nor submitted a brief on his own behalf.

---

[7] Counsel entered her appearance on Riley's behalf on February 14, 2024.

[8] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters are known by many names in the Commonwealth, including "no-merit letter," "*Finley*" letter, "*Turner* letter," and "*Turner/Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

## II. Issues

On review,[9] Riley claims that the Board erred by not considering his Original Sentence complete on April 18, 2021, the initial maximum date of the Original Sentence. *See* Petition for Review at 5-8; *see also Turner/Finley* Letter at 4. Next, Riley argues that the Board erred by not awarding him credit for the 5 months, 12 days he spent at liberty on parole. *See* Petition for Review at 5-8; *see also Turner/Finley* Letter at 4-6. Riley also argues that the Board erred by not awarding credit toward the Original Sentence for the 6 months and 27 days he remained incarcerated in Delaware County jail following his arrest on the New Charges. *See* Petition for Review at 5-8; *see also Turner/Finley* Letter at 4-6.

## III. Application to Withdraw

Before addressing the validity of the substantive arguments, we must assess the adequacy of the *Turner/Finley* Letter. As this Court has explained:

> A *Turner*[/*Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[/*Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client.

---

[9] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner/Finley* letter. In the *Turner/Finley* Letter, Counsel indicated that she reviewed the certified record and researched applicable case law. *See Turner/Finley* Letter at 6. Counsel identified the issues raised and explained why each lacks merit. *See Turner/Finley* Letter at 3-5. Counsel served Riley with a copy of the *Turner/Finley* Letter and Application to Withdraw and advised him of his right to retain new counsel or proceed *pro se*. *See Turner/Finley* Letter at 6; *see also* Application to Withdraw at 3. Because Counsel complied with the technical requirements to request withdrawal, and because we agree that the appeal is frivolous as discussed *infra*, we grant the Application to Withdraw.

## IV. Discussion

Initially, we observe that Section 6138(a)(1) of the Prisons and Parole Code[10] allows the Board to recommit parolees who commit and are convicted of crimes punishable by imprisonment while on parole. *See* 61 Pa.C.S. § 6138(a)(1). Further, Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling). Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067

---

[10] 61 Pa.C.S. §§ 101-7301.

7

C.D. 2017, filed Apr. 10, 2018),[11] slip op. at 6. It is well settled that, when recalculating the sentence of a CPV, the Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the authority granted by the General Assembly. *See Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly").

Here, the record indicates that, upon his parole, Riley had 374 days remaining on the Original Sentence. Because the Board decided not to award Riley credit for time spent at liberty on parole, Riley still had the entirety of the 374 days remaining to serve on the Original Sentence upon his recommitment as a CPV. The Board ultimately revoked Riley's parole on June 13, 2023, and recalculated the new maximum date for the Original Sentence by adding the 374 days of backtime on the revocation date, yielding a recalculated maximum date for the Original Sentence of June 21, 2024. We find no error in the Board's calculations and thus no violation of Riley's rights.

To the extent Riley argues that he was entitled to credit on the Original Sentence for the time spent in custody following his arrest on the New Charges, we

---

[11] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

do not agree. Where the Board recommits a CPV to serve the balance of an original sentence, "credit for time a [CPV] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995); *see also Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015) ("time served by the prisoner prior to the date parole is revoked must be applied to the new sentence") (quoting *Hill v. Pa. Bd. of Prob. & Parole,* 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996)). Here, the original April 18, 2021 maximum date of the Original Sentence expired while Riley was in custody following his arrest on the New Charges. However, because Riley was in custody not solely on the Board's warrant, but instead also on the New Charges during that period of time,[12] the Board did not err by denying Riley credit toward the Original Sentence for this period of incarceration.[13] *See Williams*.

To the extent Riley argues that he was entitled to credit on the Original Sentence for time he spent at liberty on parole, we also do not agree. Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as CPVs and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (explaining that if the parolee is recommitted as a CPV, the parolee shall be given no credit for the time spent at liberty on parole unless the

---

[12] Evidencing this conclusion is the fact that, following the expiration of the original maximum of the Original Sentence on April 18, 2021, the Board lifted its Original Sentence detainer and Riley remained in custody until he posted bail on the New Charges on September 3, 2021.

[13] We observe that Riley was to receive credit for this period of incarceration against the sentence received on the New Charges. *See* C.R. at 80.

Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny CPVs street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board exercised its discretion and denied Riley a street time credit, explaining its reasoning for the denial of street time as follows: "Reason: Conviction in a court of record established. Arrest occurred within short time of release. Early failure on parole/re-parole. New charges serious/assaultive." C.R. at 74. This reason is adequate for the Board to exercise its discretion to deny Riley credit for time spent at liberty on parole. *See* 61 Pa.C.S. § 6138(a)(2). Thus, the Board did not err in denying Riley credit for time spent at liberty on parole.

## V. Conclusion

For the reasons discussed above, following our independent review of the record and applicable law, we agree with Counsel that Riley's issues on appeal lack factual or legal merit. Accordingly, we find the instant appeal to be frivolous and affirm the Board's denial of the claims contained in Riley's administrative appeal of the Board Decision and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dylan Andrew Riley,            :
              Petitioner       :
                               :
      v.                      :
                               :
Pennsylvania Parole Board,    :    No. 85 C.D. 2024
              Respondent   :

# **O R D E R**

AND NOW, this 10th day of December, 2024, the January 10, 2024 order of the Pennsylvania Parole Board is AFFIRMED.  The Application for Leave to Withdraw Appearance of Dana E. Greenspan, Esquire, is GRANTED.


_____
CHRISTINE FIZZANO CANNON, Judge